## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL STRAND,

                **Petitioner,**

v.                                                 **CIV-05-0308 WJ/LAM**

STANLEY MOYA, et al.,

                **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1)* (hereinafter, *"Application"*) filed on March 22, 2005.[2]  On May 2, 2005, Respondents filed their *Answer (Doc. 12)* (hereinafter, *"Answer"*) and on May 6, 2005, Respondents filed *Respondent's Motion to Dismiss*

---

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Attached to his Application, Petitioner includes the following exhibits:
        Exhibit A - Petitioner's State Habeas Petition filed July 29, 2004 (hereinafter "State Hab. Pet'n");
        Exhibit B - Brief-in-Chief of Defendant-Appellant filed with the New Mexico Court of Appeals on March 17, 2003 (hereinafter, "Brief-in-Chief");
        Exhibit C - New Mexico Court of Appeals Memorandum Opinion filed February 16, 2004 (hereinafter, "N. M. Ct. App. Mem. Op.");
        Exhibit D - no exhibit attached;
        Exhibit E - an unidentified portion of a trial transcript; a January 9, 2001 Bind-Over Order, a Certificate of Service; and a letter to Petitioner from his attorney;
        Exhibit F - Notice of Intent to Call Witnesses prepared by Petitioner's attorney filed February 14, 2002; and
        Exhibit G - Affidavit for Arrest Warrant filed March 18, 2003; Fourth Judicial District Court Order denying Petitioner's state habeas petition; Judgment, Sentence and Commitment in the District Court, County of San Miguel filed December 26, 2001; Supreme Court of the State of New Mexico Order denying petition for writ of certiorari dated October 7, 2004; New Mexico Court of Appeals mandate dated May 18, 2004; and a letter to Petitioner from the New Mexico Public Defender Department.

*(Doc. 13)* (hereinafter, *"Motion to Dismiss"*) and **Memorandum Brief in Support of Respondent's Motion to Dismiss** *(Doc. 14)*.  Also on May 6, 2005, Respondents filed an **Amended Memorandum Brief in Support of Respondent's Motion to Dismiss** *(Doc. 15)* (hereinafter, *"Amended Memo"*).  On June 14, 2005, Petitioner filed his **Brief in Response to Respondents['] Motion to Dismiss As Ordered by the Court June 03, 2005** *(Doc. 19)* (hereinafter, *"Response"*).  Respondents have not filed a reply and, therefore, the *Motion to Dismiss* is ready for ruling.

The Court has reviewed the *Application*, the *Answer*, the *Motion to Dismiss*, the *Amended Memo*, the *Response*, and relevant law.  As set forth below, the Court finds that Petitioner's claims are without merit, under applicable standards, and recommends that the *Motion to Dismiss* be **GRANTED**, the *Application* be **DENIED** and this case be **dismissed with prejudice**.  Because all the issues in this proceeding can be resolved on the record before the Court, the Court finds that an evidentiary hearing is unnecessary.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1.   Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment of the Fourth Judicial District Court, County of San Miguel, State of New Mexico in case No. CR 2001-03.  *(Answer, Exhibit A.)*  Petitioner is proceeding *pro se* and *in forma pauperis*.

2.   Petitioner was convicted on August 7, 2001, when a jury found Petitioner guilty of the offenses of Trafficking a Controlled Substance, to wit:  Cocaine, and Possession of a Controlled Substance, to wit:  Heroin.  *(Answer, Exhibit A.)*

2

3.   Petitioner was sentenced to serve a term of nine (9) years for trafficking cocaine and eighteen (18) months for possession of heroin, with sentences to run concurrently.  The sentences were enhanced by four (4) years for each of the two (2) counts, with the enhancement on each count to run concurrently.[3]   The underlying sentences and the enhancements were to be served consecutively for a total term of imprisonment of thirteen (13) years.  *(Answer, Exhibit A.)*

4.   On December 28, 2001, Petitioner served his Notice of Appeal of his sentence.  *(Answer, Exhibit B.)*  During preparation for the appeal, Petitioner's counsel discovered that some of the audio tapes of the trial proceedings were missing.  *(Answer, Exhibit C at 4.)*  On December 5, 2001, Petitioner filed a motion for a new trial on the basis of the missing tapes.  *Id.*  The District Court denied the motion during a hearing on January 25, 2001 and directed the parties to attempt to reconstruct the record pursuant to Rule 12-211(H) NMRA 2003.  *(Application, Exhibit B, Brief-in-Chief at 3.)*  On October 7, 2002, defense counsel filed a "Statement of Proceedings for Reconstruction of Unavailable Portion of Trial Transcript."  *Id.*  The trial court approved the statement and ruled that it be included in the record proper and transmitted to the Court of Appeals. *Id.*

5.   Petitioner filed a timely appeal to the New Mexico Court of Appeals.  His brief-in-chief asked for a new trial and identified the following issues:

(1) The incomplete record of the trial, *i.e.*, the missing tapes, deprived Petitioner of the right to a meaningful review of his convictions;

(2) The trial court erred in permitting the State to introduce evidence showing that Petitioner had engaged in bad acts unrelated to the charges;

(3) The trial court erred in refusing to grant his motion to identify confidential informants;

---

[3]The enhancements were imposed due to two previous burglary convictions.  *(Answer, Exhibit A.)*

3

(4)  The trial court erred in refusing to grant his motion to suppress evidence seized during a search of his trailer;

(5)  The trial court erred in refusing to dismiss a forfeiture claim against him;

(6)  The trial court erred in refusing his motion to excuse the trial judge; and

(7)  The cumulative effect of these errors deprived him of a fair trial.

*(Application, Exhibit B, Brief-in-Chief at 1.)*

6.  In a Memorandum Opinion issued on February 16, 2004, the New Mexico Court of Appeals rejected Petitioner's claims of error and affirmed Petitioner's convictions.  *(Application, Exhibit C, N.M. Ct. App. Mem. Op.)*  On March 5, 2004, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court.  *(Answer, Exhibit I.)*  The New Mexico Supreme Court denied the certiorari petition in an order filed on March 29, 2004.  *(Answer, Exhibit J.)*  The New Mexico Court of Appeals issued a mandate to the state district court on May 18, 2004, stating that their decision was final.  *(Answer, Exhibit K.)*  Petitioner did not seek a writ of certiorari from the United States Supreme Court.

7.  On July 29, 2004, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus in the Fourth Judicial District Court, County of San Miguel, State of New Mexico.  *(Application, Exhibit A, State Hab. Pet'n.)*  In this petition, Petitioner presents five claims and lists eighteen "issues" to support his claims.  The claims include illegal search and seizure, false arrest, validity of the search warrant, removal of property in an unlawful manner, and ineffective assistance of counsel. *Id. at second page.*  Petitioner also makes several conclusory and unsupported claims of prosecutorial and judicial misconduct.  *Id*. *at seventh, eighth, ninth, tenth and twelfth pages.*  The list of eighteen "issues" expands on Petitioner's claims and details specific incidents of alleged error.  *(Application, Exhibit A, State Hab. Pet'n at third through twelfth pages.)*

4

8.  New Mexico District Court Judge Jay G. Harris, the trial judge, dismissed the petition on August 17, 2004, finding "that movant is not entitled to this relief as a matter of law."  *(Answer, Exhibit M.)*

9.  On September 13, 2004, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court.  *(Answer, Exhibit N.)*  Petitioner's claims were based on the same alleged errors but are stated somewhat differently.  The claims included:

(1)  Ineffective assistance of trial counsel (failure to call material witnesses, failure to reconstruct the missing trial record in a complete and timely manner, forfeiture of a Fourth Amendment claim);

(2)  The trial court failed to maintain a complete record, *i.e.*, the missing trial tapes, which violated Petitioner's right to a meaningful appeal;

(3)  The trial court abused its discretion in allowing testimony contrary to a previous order regarding the confidential informants; and

(4)  Trial court's judicial bias and failure to recuse.

*(Answer, Exhibit N.)*

10.  The New Mexico Supreme Court denied the petition for writ of certiorari in an order filed on October 7, 2004.  *(Answer, Exhibit O.)*

11.  On March 22, 2005, Strand filed his *Application* for federal *habeas* relief with this Court.  *(Doc. 1.)*  The Court finds that Strand's *Application* was timely filed and that he has exhausted the remedies available to him in the courts of the State of New Mexico.  Although Petitioner's claims are somewhat difficult to ascertain, the Court construes his claims as follows[4]:

---

[4]Because Petitioner is a *pro se* litigant, his *Application* must be liberally construed and held to a less stringent standard from formal pleadings drafted by attorneys.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  Petitioner's *Application* is difficult to interpret, has multiple misspellings, refers to documents filed in earlier proceedings, and includes two claims numbered "Claim

(1)  Regarding his state habeas, the state court abused its discretion by not granting Petitioner an evidentiary hearing on "prima faci [sic] concerns in state hapbeou [sic] corpos [sic]" *(Application at 6.)*;

(2)(A)  The trial court abused its discretion (citing to his entire brief-in-chief to the New Mexico Court of Appeals) *(Application, Exhibit B, Brief-in-Chief)*, his state habeas petition *(Application, Exhibit A, State Hab. Pet'n)*, and an unidentified portion of a hearing transcript *(Application, Exhibit E))*;

(2)(B)  Ineffective assistance of trial counsel because counsel failed to subpoena, investigate, or call material witnesses; failed to timely reconstruct the missing trial record; failed to represent Petitioner in the forfeiture action; failed to competently litigate Petitioner's Fourth Amendment claim; and deliberately prejudiced Petitioner during trial[5];

(3)  The incomplete transcripts and missing portions of the trial tapes deprived Petitioner of his right to a meaningful appeal; and

(4)  The illegal search and seizure of evidence during the execution of the search warrant at his trailer, due to a failure to "knock and announce," should have resulted in the granting of the motion to suppress evidence and the return of illegally seized items (musical instruments and pit bull dogs).

12.  Respondents answered on May 2, 2005 and moved to dismiss on May 6, 2005.  *(Docs. 12 and 13.)*

---

Two." In construing Petitioner's claims, the Court has considered the voluminous exhibits attached to the *Application* only as documentation explaining his past history of asserting these claims at the state court level.  The Court does not, nor has Petitioner asked the Court to consider this voluminous material to be incorporated by reference as assertions of federal claims.  The Court has also adopted Respondents' designation of the two claims numbered "Claim Two" as Claim 2(A) and Claim 2(B).

[5]Petitioner cites to an Exhibit D in his *Application*; however there was no Exhibit D attached to Petitioner's *Application*, a fact that Respondents also note in their *Amended Memo* at 7.

13.  Petitioner filed his *Response* to the motion to dismiss on June 14, 2005.  *(Doc. 19.)* Petitioner reasserts his claims of an illegal search and seizure (questionable validity of the search warrant), the prejudicial impact of the missing trial tapes, ineffective assistance of counsel, and adds claims of judicial and prosecutorial misconduct.  *Id.*

## STANDARD OF REVIEW

14.  A district court has jurisdiction to grant a writ of habeas corpus on behalf of a person in state custody if the custody is in violation of federal law.  See 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, "AEDPA")[6] modified the role that federal habeas corpus courts have in reviewing state convictions.  *Bell v. Cone*, 535 U.S. 685, 693 (2002).  Congress enacted AEDPA to prevent federal habeas "retrials" and to ensure that state convictions are given effect to the fullest extent possible.  *See id.*  To those ends, as amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim- -
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

15.  Under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set

---

[6]Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A decision is not "contrary to" simply because the state court did not cite Supreme Court opinions.  *See Early v. Packer*, 537 U.S. 3, 8 (2002).  The state court need not even be aware of the relevant Supreme Court cases, as long as neither its reasoning nor its result contradicts them.  *Id.*

16.   Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  The focus of this inquiry is whether the state court's application of clearly established federal law is "objectively unreasonable," and an "objectively unreasonable" application is not synonymous with an "incorrect" one. *Bell*, 535 U.S. at 694.

17.   Under § 2254(d)(2), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *Wiggins v. Smith*, 539 U.S. 510, 528 (2003); *see also* 28 U.S.C. § 2254(e)(1) (requiring federal habeas court to presume that state court's determination of factual issues is correct unless the petitioner rebuts the presumption by clear and convincing evidence).

## ANALYSIS

18.   All of Petitioner's claims were adjudicated by the state courts below in either the direct appeal or in his State Petition for Writ of Habeas Corpus (*Application*, *Exhibit A, State Hab. Pet'n*). The Supreme Court of New Mexico denied certiorari on all of Petitioner's claims in his Petition for Writ of Certiorari (*Answer*, *Exhibits N, O*).  The issue before this Court is whether the adjudications below resulted in decisions that were contrary to, or involved an unreasonable application of, clearly

established federal law or resulted in an unreasonable determination of the facts.

## CLAIM 1:  State habeas court abuse of discretion

19.  The Court construes Petitioner's Claim 1 as an allegation that the state habeas court erred in failing to grant an evidentiary hearing on his "prima faci [sic] concerns."   (*Application* at 6.) Petitioner cites to his state habeas petition in general but fails to specifically identify which claims required an evidentiary hearing.  *Id*.

20.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2241 (citations omitted).  The Tenth Circuit has held that "'[f]ederal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation . . . .'"  *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (*quoting Davis v. Kiser*, No. 00-6080, 2000 WL 895603 at *1 (10th Cir. July 6, 2000) (unpublished), *cert. denied*, 532 U.S. 944 (2001) and *citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Cooper v. Nelson*, 201 F.3d 447 (10th Cir. 1999) (unpublished) (affirming district court's conclusion that habeas petitioner's claim of error in denial of evidentiary hearing in post-conviction proceeding is not appropriate for habeas corpus relief).  Petitioner's claim of error that the state habeas court failed to grant an evidentiary hearing raises only state law issues and is not cognizable in the present habeas proceeding.  *See* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68.

21.  In addition, it is well settled that violations of state law, such as evidentiary rulings, are not cognizable in federal habeas corpus cases unless the ruling violates an independent provision of

the Constitution. *E.g., Stills v. Dorsey*, 7 Fed. Appx. 856, 858, 2001 WL 303351 (10th Cir. 2001)

(unpublished) ("Erroneous evidentiary rulings are not grounds for federal habeas relief unless the

rulings render the state proceedings so fundamentally unfair as to violate due process.") *See*

*Williamson v. Ward,* 110 F.3d 1508, 1522-23 (10th Cir. 1997). Thus, even erroneous evidentiary

rulings are not grounds for federal habeas relief, unless the rulings render the state proceedings so

fundamentally unfair as to violate due process.

22. Petitioner has not provided any evidence that the alleged trial court errors rendered the

state proceedings so fundamentally unfair as to violate his due process rights. Accordingly, the Court

recommends that federal habeas relief pursuant to 28 U.S.C. § 2254 be denied with respect to

Petitioner's claim of state habeas court abuse of discretion.

### CLAIM 2(A):  Trial Court Abuse of Discretion

23. Petitioner's Claim 2(A) alleges abuse of discretion by the trial court. *(Application at 7.)*

The Court construes Petitioner's Claim 2(A) as an attempt to resurrect all previous claims of error

raised in his brief-in-chief to the New Mexico Court of Appeals *(Application, Exhibit B, Brief-in-*

*Chief)*, and his state habeas petition *(Application, Exhibit A, State Hab. Pet'n)*, because he cites to

each of these, as well as to an unidentified portion of a hearing transcript and miscellaneous

documents *(Application, Exhibit E)*. As stated above, in construing Petitioner's claims, the Court

has carefully considered the voluminous exhibits attached to the *Application* only as documentation

explaining his past history of asserting these claims at the state court level.

24. All the issues raised by Petitioner's direct appeal to the New Mexico Court of Appeals

were addressed by that court and Petitioner does not claim, as required by § 2254(d), that the state

court proceedings (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  *See Williams v. Taylor*, 529 U.S. 362, 412-413 (2000) (AEDPA places new constraint on the power of the federal habeas court to grant state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the merits in state court, limiting issuance of writ to circumstances in which one of the two conditions is satisfied).

25.  The Court recommends that Petitioner's claim of abuse of discretion by the trial court be denied because he fails to support his claim that the trial court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### CLAIM 2(B):  Ineffective Assistance of Trial Counsel

26.  Petitioner alleges ineffective assistance of trial counsel and again merely refers the Court, without further explanation, to certain exhibits attached to his *Application*:(1) his state habeas petition *(Application, Exhibit A, State Hab. Pet'n, issues 5, 6, 7, 8, 9, 10, 16)*; (2) his brief-in-chief to the New Mexico Court of Appeals *(Application, Exhibit B, Brief-in-Chief at 28, 29)*; (3) the Memorandum Opinion of the New Mexico Court of Appeals *(Application, Exhibit C, N.M. Ct. App. Mem. Op.)*; and (4) a Notice of Intent to Call Witnesses *(Application, Exhibit F)*.  Again, the Court has carefully reviewed Petitioner's voluminous exhibits but considers them only as explanatory documentation.  Therefore, the Court construes Petitioner's ineffective assistance of counsel claims to include the following allegations: counsel failed to subpoena, investigate, or call material witnesses;

11

counsel failed to timely reconstruct the missing trial record; counsel failed to represent Petitioner in the forfeiture action; counsel failed to competently litigate Petitioner's Fourth Amendment claim; and counsel deliberately prejudiced Petitioner during trial.

27. To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential and, thus, the petitioner must overcome the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689. Second, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

28. Petitioner's first ineffectiveness claim, as construed by the Court, is that his trial counsel failed to subpoena, investigate, or call material witnesses. *(Application, Exhibit A, State Hab. Pet'n, issues 5, 6, 7, 8.; Response at sixth page.)* He asserts that if counsel had called these witnesses, they would have (1) provided testimony that the police had no search warrant and failed to knock and announce before entering *(Application, Exhibit A, State Hab. Pet'n, issue 6)*; and (2) provided an alibi for Petitioner *(Application, Exhibit A, State Hab. Pet'n, issue 7)* during the time periods of alleged drug sales *(Application, Exhibit B, Brief-in-Chief at 9)* at his home. Petitioner refers to the Notice of Intent to Call Witnesses *(Application, Exhibit F)* as proof of the existence of witnesses that trial counsel failed to contact or investigate. *(Application, Exhibit A, State Hab. Pet'n, issue 8.)*

29. The *Strickland* decision notes that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S.

12

at 690.  The fact that trial counsel assembled a witness list indicates she investigated potential witnesses and made a strategic decision not to call them.  The New Mexico Court of Appeals opinion states that the trial court upheld the validity of the search warrant *(Application, Exhibit C , N.M. Ct. App. Mem. Op. at 2),* indicating there was a search warrant and Petitioner admits to later seeing the arrest warrant.  *(Response, Doc. 19 at second page.)*  In response to Petitioner's direct appeal to the New Mexico Court of Appeals, Plaintiff-Appellee's Answer Brief states that the police report confirmed that the officers did "knock and announce" *(Answer, Exhibit F at 32).*  Therefore, defense counsel may have reasonably concluded it would have been counter-productive to call witnesses challenging such easily provable facts.

30.  Petitioner alleges that at trial the sheriff and a pastor (both neighbors of Petitioner) testified regarding the heavy volume of vehicular traffic that visited Petitioner's residence over a period of several months.  *(Application, Exhibit B, Brief-in-Chief at 9.)*   The state offered this witness testimony and expert testimony that this vehicular traffic proved that Petitioner was a drug dealer and as evidence of drug sales by Petitioner.  *Id.*  Defense counsel objected to the testimony of both witnesses as inadmissible evidence of prior bad acts and as irrelevant and prejudicial evidence, but her objections were overruled by the trial court.  *(Id. at 9, 10.)*  Petitioner argues that counsel should have called witnesses that would have provided him an alibi during the times of heavy traffic, but it is difficult to believe that any defense witness could have given Petitioner a credible alibi that would have covered daily activity spanning several months.  Furthermore, any alibi would have directly conflicted with Petitioner's own testimony that he worked at home.  *(Answer, Exhibit F at 15; Application, Exhibit A, State Hab. Pet'n, issue 16.)*  In addition, there is evidence that the state had information from confidential informants who had made controlled buys of cocaine from

Petitioner and any alibi testimony might have opened the door to introduction of that evidence. *(Answer, Exhibit F at 29-31; Application, Exhibit B, Brief-in-Chief at 18-21.)*

31.   Petitioner has not provided any evidence to suggest that the testimony of witnesses would have benefitted his defense and has not demonstrated any prejudice from the lack of this testimony. The Court recommends this claim be dismissed.

32.   Petitioner's second ineffectiveness claim, as construed by the Court, alleges that trial counsel failed to timely reconstruct the missing trial record as ordered by the trial court.  As noted above, during preparation for an appeal of the criminal case, Petitioner's counsel discovered that some of the audio tapes of the trial proceedings were missing.  *(Answer, Exhibit C, N.M. Ct. App. Mem. Op. at 4.)*  On December 5, 2001, Petitioner filed a motion for a new trial on the basis of the missing tapes.  *Id.*  The District Court denied the motion during a hearing on January 25, 2001 and directed the parties to attempt to reconstruct the record pursuant to Rule 12-211(H) NMRA 2003. *(Answer, Exhibit E at 3.)*  On October 7, 2002, defense counsel filed a "Statement of Proceedings for Reconstruction of Unavailable Portion of Trial Transcript."  *Id.*  The trial court approved the statement and ruled that it be included in the record proper.  *Id.*

33.   When a transcript is missing or unavailable, it is the appellant's task to reconstruct the record.  Rule 12-211(H) NMRA 2003.  Rule 12-211(H) states that "the appellant shall prepare a statement of the evidence or proceedings from the best available means . . . ."  Also pursuant to Rule 12-211(H), in this case the deadline for filing a reconstruction was May 16, 2002 (30 days after service of the notice of a general calendar assignment) *(Answer, Exhibit D, Notice Assignment to the General Calendar filed April 16, 2002)*, but Petitioner's counsel waited until October 7, 2002 to file a reconstruction statement.  *(Application, Exhibit B, Brief-in-Chief at 3.)*

34.   The New Mexico Court of Appeals found that Petitioner's counsel did not use all available means to reconstruct the missing transcripts as she relied "primarily on her own personal recollection" and failed to consult with the presiding trial judge or other participants in the trial. *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 5)* *See State v. Martinez,* 132 N.M. 32, 38 (N.M. 2002) (a judge who presides over an original sentencing hearing may be called as a witness at a reconstruction hearing where the transcripts of the original hearing are missing).

35.   Petitioner's counsel chose instead to file a motion for a new trial based on the missing transcripts, alleging that the absence of the transcript deprived Petitioner of his right to appeal. *(Answer, Exhibit C, Dockt'g Stmt. at 4,6.)*  Counsel apparently chose the strategy of arguing that the loss of the transcripts was grounds for a new trial and, therefore, reconstructing the record would not have aided that strategy.  "'[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance.'"  *Hatch v. State of Oklahoma,* 58 F.3d 1447, 1459 (10th Cir. 1995) *(quoting U.S. v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983)). Petitioner claims that his defense counsel "greatly prejudiced [him] by not doing her job effectively" *(Application, Exhibit A, State Hab. Pet'n, issue 9)*, but fails to show how, but for his conclusory allegation of "error," the result of the proceeding would have been different as required by *Strickland.* *Strickland*, 466 U.S. at 694.  The Court recommends this claim be dismissed.

36.   Petitioner's third ineffectiveness claim, as construed by the Court, alleges that counsel failed to represent Petitioner in the forfeiture action.  *(Application, Exhibit A, State Hab. Pet'n, issue 18.)*  As noted by the New Mexico Court of Appeals *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 15*) and admitted to by Petitioner's appellate counsel *(Application, Exhibit B, Brief-in-Chief at 27-28)*, there is no final order on the record from which Petitioner can appeal this claim.  Defense

counsel informed the trial court that she had not been appointed or retained in the forfeiture case. *(Application, Exhibit B, Brief-in-Chief at 28-29.)* Since this Court has no record to review on the forfeiture action, I offer no opinion as to whether counsel acted within constitutionally appropriate bounds.

37. Petitioner's fourth ineffectiveness claim, as construed by the Court, alleges that counsel failed to competently litigate Petitioner's Fourth Amendment claim of illegal search and seizure. *(Application, Exhibit A, State Hab. Pet'n, issue 6.)* Petitioner alleges that at two motions hearings counsel failed to call a witness who could have testified "that the police had no search warrant and did not knock and announce themselfs [sic] before battering down the door." *Id.* Even though the *Stone v. Powell* doctrine bars review of a suppression claim once the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim (*Stone*, 428 U.S. at 494-95), a federal habeas court may review counsel's failure to pursue a motion to suppress through an ineffective assistance of counsel claim. *Kimmelman v. Morrison*, 477 U.S. 365, 378-380 (1985). For this type of claim, Petitioner must establish, *inter alia*, that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375. While a defaulted Fourth Amendment claim is only one element of proof of a Sixth Amendment ineffective assistance of counsel claim, "the two claims have separate identities and reflect different constitutional values." *Id.* at 376.

38. Plaintiff's counsel did raise the "knock and announce" issue in a motion to suppress at the trial court level. *(Application, Exhibit B, Brief-in-Chief at 23-24.)* However, she failed to specifically mention the issue during a pretrial motion hearing and the trial judge denied Petitioner

an evidentiary hearing on the motion to suppress and denied the motion to suppress.  *Id.* at 23.  The

New Mexico Court of Appeals found that Petitioner failed to preserve the "knock and announce"

issue for review and declined to consider the issue.  *(Application, Exhibit C, N.M. Ct. App. Mem. Op.*

*at 13-14.)*

39.  However, "a good Fourth Amendment claim alone will not earn a prisoner federal habeas

relief.  Only those habeas petitioners who can prove under *Strickland* that they have been denied a

fair trial by the gross incompetence of their attorneys will be granted the writ."  *Kimmelman*, 477

U.S. 365, 382 (1986).  In this case, Petitioner fails to meet the *Strickland* standard for ineffective

assistance of counsel because his allegations do not establish  "that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Strickland v. Washington*, 466 U.S. 668, 694 (1984)

40.  Petitioner's fifth ineffectiveness claim, as construed by the Court, alleges that counsel

deliberately prejudiced Petitioner during trial.  *(Application, Exhibit A, State Hab. Pet'n, issue 10.)*

The basis for this allegation is that during cross examination of a police officer, defense counsel

admittedly opened the door for rebuttal testimony regarding the reason officers waited until Petitioner

had exited his residence to arrest him.  *(Application, Exhibit B, Brief-in-Chief at 14-16.)*  The police

officer then testified that officers waited for Petitioner to leave his home because of officer safety

concerns.  *Id.*  During cross examination of the second rebuttal witness, defense counsel "elicited the

prejudicial information that Defendant had some connection with the 1992 [shooting] incident, and

that he was in fact convicted for negligent use of a firearm."  *(Id. at 11.)*  Prior to the rebuttal

testimony, counsel objected to the testimony, but the judge allowed the witness to testify about the 1992 incident.  *(Id. at 15.)*

41.  Although defense counsel admittedly opened the door to potentially harmful information, it can reasonably be inferred that she chose a mitigation strategy of informing the jury that Petitioner's role in the 1992 shooting incident resulted in a conviction for negligent use of a firearm rather than allow the jury to potentially speculate on the circumstances surrounding the shooting incident and Petitioner's dangerousness.  The Court does not find that trial counsel was constitutionally ineffective by eliciting information that mitigated potentially damaging information regarding a prior incident with the police and recommends that this claim be dismissed.

42.  The Court recommends that all of Petitioner's claims of ineffective assistance of counsel be denied because his allegations do not establish either that there was a reasonable probability that the outcome of his trial would have been different or that his counsel rendered anything less than reasonable professional assistance, and therefore, do not meet the test for ineffective assistance of counsel as required by *Strickland v. Washington,* 466 U.S. 668 (1984).

**CLAIM 3:  The Incomplete Transcript Deprived Petitioner of a Meaningful Appeal**

43.  Petitioner alleges that the missing trial tapes and incomplete transcript deprived him of a meaningful appeal.  However, he again merely refers the Court, without further explanation, to exhibits in his *Application* in order to bolster his claims: (1) his brief-in-chief to the New Mexico Court of Appeals *(Application, Exhibit B, Brief-in-Chief, issue 1)*; and (2) the Memorandum Opinion of the New Mexico Court of Appeals *(Application, Exhibit C, N.M. Ct. App. Mem. Op.)*.  Again, the Court has carefully reviewed Petitioner's voluminous exhibits but only considers them as explanatory documentation.

18

44.  In Petitioner's brief-in-chief, he asks for a new trial because he cannot exercise his right to appeal due to the substantial missing portions of the trial transcript.  *(Application, Exhibit B, Brief-in-Chief at 5-8.)*  On direct appeal, the New Mexico Court of Appeals carefully reviewed Petitioner's claim under a standard "fundamental error" analysis, *i.e.*, whether the question of Defendant's guilt "is so doubtful that it would shock the conscience to permit the conviction to stand," or whether "substantial justice had not been done." *State v. Osborne*, 111 N.M. 654, 662, 808 P.2d 624, 632 (1991) (internal quotation marks and citations omitted).  The Court of Appeals concluded that Defendant had not demonstrated fundamental error.  *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 4.)*

45.  The Court of Appeals found that "because much of the transcript exists, and because Defendant has not demonstrated that he took every possible effort to reconstruct the missing portions, Defendant is not entitled to the presumption he is prejudiced by the missing material . . . ." *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 6.)*

46.  In its Memorandum Opinion, the Court of Appeals noted that while a missing or partially missing transcript may entitle a defendant to a new trial, in this case, the Court was "able to substantially review Defendant's claims of error without the missing transcript, and because the Defendant's guilt is not so open to question that it shocks the conscience of the Court," it rejected Petitioner's argument that the missing transcript mandated a new trial.  *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 12.)*

47.  The decision below by the New Mexico Court of Appeals holding that the missing trial tapes and incomplete transcript did not deprive Petitioner of a meaningful appeal is not contrary to established federal law.  Nor does the decision unreasonably apply clearly established federal law to

the facts of the case.  Accordingly, the Court recommends that federal habeas relief pursuant to 28 U.S.C. § 2254 be denied with respect to Petitioner's claim that the incomplete transcript deprived him of the right to a meaningful appeal.

### CLAIM 4:  Illegal Search and Seizure of Evidence

48.  Petitioner argues that the illegal search and seizure of evidence during the execution of the search warrant at his trailer should have resulted in the granting of the motion to suppress evidence and the return of illegally seized items (musical instruments and pit bull dogs).  Petitioner claims that this issue was not raised on direct appeal but was raised in his state habeas petition.[7] Petitioner refers to his state habeas petition, issues 1, 3, 4, and 6 in support of his claim. *(Application, Doc. 1, Claim 4.)*

49.  Before trial, Petitioner's trial counsel filed a motion to suppress evidence based on, *inter alia*, a failure by police officers to "knock and announce" during the execution of the search warrant. *(Application, Exhibit B, Brief-in-Chief at 23.)*  On August 21, 2001, the trial court held a pretrial hearing on all pending motions, during which defense counsel requested an evidentiary hearing in order to question the credibility of the information provided by confidential informants and used in the affidavit to secure the search warrant.  *Id*.  Counsel argued that the motion to identify the confidential informants was needed to attack the validity of the search warrant.  *(Application, Exhibit B, Brief-in-Chief at 21.)*  However, counsel did not raise the "knock and announce" issue during this hearing.  *Id at 23.*  The trial judge denied Petitioner's request for an evidentiary hearing and denied the motion to suppress.  *Id.*  The trial court also denied the motion to identify the confidential

---

[7]In his Brief-in-Chief to the New Mexico Court of Appeals, however, Petitioner did raise the issue that the trial court erred in denying the motion to suppress and in denying an evidentiary hearing on the motion to suppress. *(Application, Exhibit B, Brief-in-Chief at 23-24.)*

informants on the basis that he had already satisfied himself that the confidential informants were reliable and credible. *Id. at 21*.

50.    During his direct appeal to the New Mexico Court of Appeals, Petitioner alleged that the trial court erred in denying his request for an evidentiary hearing on the "knock and announce" issue raised in his motion to suppress. *(Application, Exhibit B, Brief-in-Chief at 23.)* The Court of Appeals found that Petitioner's "one-sentence objection in the pretrial motion was not sufficiently specific to alert the trial court to potential error and to invoke an intelligent ruling on the merits." *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 14.)* The Court of Appeals held that "[i]n the absence of an objection that was sufficient to alert the trial court that it needed to specifically rule on the knock and announce issue," the issue was not preserved and the Court declined to consider Petitioner's argument on appeal. *Id*.

51.    The New Mexico Court of Appeals also reviewed the trial court's denial of Petitioner's motion to identify confidential informants. *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 12-13.)* The Court of Appeals found that the trial court did not abuse its discretion in denying the motion because the affidavit was facially valid, and Petitioner failed to "produce some evidence that [the] affidavit contains false information in order to trigger inquiry 'beyond the four corners of an affidavit.'" *Id. at 13*.

52.    In his state habeas petition, Petitioner raised the issues of illegal search and seizure (officers' failure to produce a warrant), validity of the search warrant (police lied in the affidavit), and removal of property in an unlawful manner during the search (musical equipment and dogs). *(Answer, Exhibit L, Issues 1, 3, 4.)* The trial judge dismissed the petition on August 17, 2004, finding "that movant is not entitled to this relief as a matter of law." *(Answer, Exhibit M.)*

21

53.   Respondents argue that Petitioner's illegal search and seizure claim is barred on habeas

review by the doctrine of *Stone v. Powell*, 428 U.S. 465, 494 (1976) because Petitioner had a full and

fair opportunity to litigate his Fourth Amendment claim in state court.   *(Amended Memo, Doc. 15*

*at 15.)*  Petitioner raised Fourth Amendment issues (failure to "knock and announce" and validity of

the search warrant) in a motion to suppress and a motion to identify confidential informants prior to

his criminal trial.   The trial court denied the motions after a pretrial hearing and the New Mexico

Court of Appeals reviewed the trial court's ruling and found that the "knock and announce" issue had

not been preserved for appeal and that the trial court had not abused its discretion in denying the

motion to identify confidential informants. *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 12-*

*14.)*

54.   Petitioner was afforded an opportunity to litigate his illegal search and seizure claims at

the trial court level during a pretrial hearing on August 2, 2001.  *(Application, Exhibit B, Brief-in-*

*Chief at 18-21, 23-24.)*   At the appellate level, the New Mexico Court of Appeals reviewed and

upheld the trial court's evidentiary rulings and found that Petitioner had failed to preserve the "knock

and announce" issue. *(Application, Exhibit C, N.M. Ct. App. Mem. Op. at 12-14.)* Petitioner's state

habeas petition was denied on the merits, with the Fourth Judicial District Court finding "it plainly

appear[s] from the pleadings and prior proceedings in the case, including the appeal proceedings, that

movant is not entitled to relief as a matter of law."  *(Answer, Exhibit M.)*  After consideration of the

petition for writ of certiorari, the New Mexico Supreme Court summarily denied the petition.

*(Answer, Exhibit O.)*

55.   Having been afforded a full and fair opportunity to litigate his claims in the state courts,

Petitioner is now precluded from having his Fourth Amendment claim reviewed by this Court and

22

receiving federal habeas corpus relief under the doctrine of *Stone v. Powell*, 428 U.S. 465, 494 (1976). ("[W]e conclude that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted.)). Accordingly, the Court recommends that federal habeas relief pursuant to 28 U.S.C. § 2254 should be denied with respect to Petitioner's claims of illegal search and seizure.

## CONCLUSION

In conclusion, all of Petitioner's federal habeas claims should be dismissed for the following reasons. Claim 1 alleges state habeas court abuse of discretion but violations of state law are not cognizable in federal habeas corpus cases unless the state court rulings render the state proceedings so fundamentally unfair as to violate due process and Petitioner fails to show any Constitutional violation.

Claim 2(A) alleges trial court abuse of discretion but Petitioner fails to support his claim with any evidence that the trial court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, as required by 28 U.S.C. § 2254(d) for a writ of habeas corpus to be granted.

Claim 2(B) alleges ineffective assistance of counsel but Petitioner's allegations do not establish either that there was a reasonable probability that the outcome of his trial would have been different or that his counsel rendered anything less than reasonable professional assistance and, therefore, do not meet the test for ineffective assistance of counsel as required by *Strickland v. Washington,* 466 U.S. 668 (1984).

23

Claim 3 alleges that the incomplete transcript of the trial deprived Petitioner of a meaningful appeal.  The New Mexico Court of Appeals found it was able to review Petitioner's claims of error without the missing portions of the transcript and found no fundamental error.  This decision is not contrary to established federal law nor does is unreasonably apply clearly established federal law to the facts of the case pursuant to 28 U.S.C. § 2254(d).

Claim 4 alleges illegal search and seizure of evidence but Petitioner was afforded a full and fair opportunity to litigate his claims in both the trial and appellate state courts.  Therefore, he is precluded from having this Fourth Amendment claim reviewed by this Court.

Section 2254(e)(1) requires that, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in state custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Petitioner fails to rebut this presumption.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the Court recommends that ***Respondent's Motion to Dismiss (Doc. 13)*** be **GRANTED**, Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1)*** be **DENIED**, and this case be **DISMISSED WITH PREJUDICE.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

24